**MAXIM CRANE WORKS, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (SOLANO), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 1, 2007.

Decided Aug. 14, 2007.

Shawn C. Gooden, Philadelphia, for petitioner.

No appearance entered on behalf of respondent.

BEFORE: McGINLEY, Judge, and SIMPSON, Judge, and KELLEY, Senior Judge.

OPINION BY Senior Judge KELLEY.

Maxim Crane Works (Employer) appeals from an order of the Workers' Compensation Appeal Board (Board) which modified and affirmed the decision of the workers' compensation judge (WCJ) granting Richard Solano's (Claimant) Petition to Review Compensation Benefit Offset (Petition to Review). We affirm.

On October 10, 2000, Claimant sustained a work-related injury while in the course and scope of his employment with Employer, and continued to work until his termination in December 2000. In January 2003, Claimant applied for old age Social Security benefits. On April 4, 2003, Claimant and Employer entered into an agreement for compensation benefits, which was later modified by supplemental agreement dated September 12, 2003.

On June 6, 2005, Claimant received from Employer Form LIBC–756—Employee's Report of Benefits for Offsets, on which he confirmed his receipt of old age Social Security benefits. On August 3, 2005, Claimant received Form LIBC–761—Notice of Workers' Compensation Benefit Offset, notifying him that Employer was taking a credit that would offset his weekly workers' compensation benefits, and that a credit from 14 months of prior old age Social Security benefits would also be recouped, reducing his weekly workers' compensation benefits to zero for a period of 25.75 weeks. On August 16, 2005, Claim-

ant filed the Petition to Review alleging that the offset was calculated in error.

A hearing before a WCJ was held. At the hearing, Employer presented the deposition of Claimant, who also testified on his own behalf. Claimant testified that he applied for old age Social Security benefits in January 2003. At first, he received $1,285 a month, which was later increased to $1,314 a month. He had never received a form with which to report his old age Social Security benefits prior to June 6, 2005. Claimant testified that he completed and returned the form he received on June 6, 2005 and then received a Notice of Workers' Compensation Benefit Offset, which he challenged.

Based upon the testimony and evidence presented, the WCJ determined that Employer was only entitled to an offset starting on June 6, 2005—the date Claimant first received the form to report his old age Social Security benefits. By order dated December 29, 2005, the WCJ granted Claimant's Petition to Review. The WCJ ordered the recalculation of the old age Social Security benefit offset, entitling Employer to a 50% offset starting from June 6, 2005, but ruled that Employer is not entitled to recoup offsetable benefits Claimant received prior to that date. The WCJ further ordered that Claimant is entitled to ongoing workers' compensation benefits at the rate of $349.33 per week from June 6, 2005 and into the future.

From this decision, Employer appealed to the Board. The Board affirmed, but modified the WCJ's calculation of Claimant's weekly benefits to $345.99, citing clerical error. Employer now petitions for review with this Court.[1] Employer presents the following issues for our review:

1. This Court's scope of review is limited to

determining whether there has been a viola-

1. Did the Board err in denying Employer its right under Section 204 of the Workers' Compensation Act[2] (Act), to a credit for old age Social Security benefits received by Claimant prior to receipt of Form LIBC–756 on June 6, 2005.

2. Did the Board err in using the equitable doctrine of laches to circumvent Employer's established right to recoup offsetable benefits Claimant collected prior to June 6, 2005, as Claimant failed to carry his burden to report income and should not be afforded equitable relief.

3. Did the Board err in its use and application of the doctrine of laches to rationalize its decision to disallow a retrospective offset for Claimant's receipt of old age Social Security benefits.

4. Did the Board err in finding that Employer's failure to exercise due diligence, by failing to comply to Section 123.501 of the regulations, supported its decision to disallow a retrospective offset for Claimant's receipt of old age Social Security benefits.[3]

Employer contends that the WCJ and Board erred in denying Employer a credit, as provided for under Section 204 of the Act, for old age Social Security benefits received by Claimant prior to receipt of Form LIBC–756 on June 6, 2005. We disagree.

Section 204(a) of the Act, 77 P.S. § 71(a), provides that fifty percent of the benefits commonly characterized as "old age" benefits under the Social Security Act (49 Stat. 620, 42 U.S.C. § 301 et seq.) shall be credited against the amount of the workers' compensation payments provided that the Social Security benefits were received after the compensable injury. The offset shall not apply if old age Social Security benefits were received prior to the compensable injury. Section 204(a) of the Act.

The employee is required to report the receipt of old age Social Security benefits. *Id.* Employees shall report to the insurer amounts received in unemployment compensation, Social Security (old age), severance and pension benefits on form LIBC–756. 34 Pa.Code § 123.3. Form LIBC–756 shall be completed and forwarded to the insurer within 30 days of the employee's receipt of any of the benefits or within 30 days of any change in the receipt of the benefits, but at least every 6 months. *Id.*

The insurer is required to notify employees of their reporting requirements under Section 204 of the Act. 34 Pa.Code § 123.501. Section 123.501 provides:

An insurer **shall** notify the employe of the employe's reporting requirements under sections 204 and 311.1(a) and (d) of the act (77 P.S. §§ 71 and 631.1(a) and (d)). In addition, the insurer **shall** provide the employe with the forms required to fulfill the employe's reporting and verification requirements under section 311.1(d) of the act.

34 Pa.Code § 123.501 (emphasis added).

 The regulations further provide that if the insurer receives information

---

tion of constitutional rights, whether errors of law have been committed, whether there has been a violation of appeal board procedures, and whether necessary findings of fact are supported by substantial evidence. *Lehigh County Vo–Tech School v. Workmen's Compensation Appeal Board (Wolfe)*, 539 Pa. 322, 652 A.2d 797 (1995).

**2.** Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 71.

**3.** We note that Claimant was precluded by order of this Court from filing a brief in opposition to Employer's appeal.

that the employee has received old age Social Security benefits subsequent to the date of injury, "the insurer *may* be entitled to an offset to the workers' compensation benefit." 34 Pa.Code § 123.5 (emphasis added). Section 123.5 provides:

(a) *After receipt of Form LIBC–756,* the insurer **may offset** workers' compensation benefits by amounts received by the employe from any of the sources in § 123.3 (relating to employe report of benefits subject to offset). The offset of workers' compensation benefits only applies with respect to amounts of unemployment compensation, Social Security (old age), severance and pension benefits received subsequent to the work-related injury.

34 Pa.Code § 123.4 (emphasis added). The claimant may challenge the offset by filing a petition to review offset. 34 Pa. Code § 123.4(e). An employer or its insurer has the burden of proof in a petition to review offset proceeding. *Department of Public Welfare Polk Center v. Workers' Compensation Appeal Board (King),* 884 A.2d 343 (Pa.Cmwlth.2005).

In support of its position that its right to recoup offsetable benefits is absolute, Employer relies upon *Thompson v. Workers' Compensation Appeal Board* (USF&G Co.), 566 Pa. 420, 781 A.2d 1146 (2001). However, *Thompson* is readily distinguishable. *Thompson* did not involve Section 204's offset provisions, but involved the right of subrogation under Section 319 of the Act, 77 P.S. § 671. Section 319 of the Act provides that "[w]here the compensable injury is caused in whole or in part by the act or omission of a third party, the employer *shall* be subrogated...." 77 P.S. § 671 (emphasis added). Section 204 of the Act does not provide that an employer or insurer shall be entitled to an offset, but rather provides how an offset is to be credited. The regulations merely provide that an employer or insurer *"may* be entitled to an offset to the workers' compensation benefit" (34 Pa.Code § 123.5) "[a]fter receipt of Form LIBC–756" (34 Pa.Code § 123.4).

██ We can find no support in the Act or regulations to support Employer's assertion that it has an absolute right to a retrospective offset. While Claimant began receiving old age Social Security benefits in January 2003, the undisputed evidence shows that Claimant did not receive Form LIBC–756 until June 6, 2005. While Claimant does owe a duty to report receipt of old age Social Security benefits, the regulations place the initial duty upon the employer or insurer to notify the employee of the reporting requirements and provide the employee with the proper forms. Based upon our review of the Act and corresponding regulations, we conclude that the WCJ did not err or abuse his discretion in determining that Employer was only entitled to an offset as of the date Claimant received the form on June 6, 2005.

██ Employer also contends that the Board erred in using the equitable doctrine of laches to affirm the WCJ's decision to disallow a retrospective offset for Claimant's receipt of old age Social Security benefits and finding that Employer failed to exercise due diligence by failing to timely comply with Section 123.501 of the regulations. We disagree.

This Court has held that the doctrine of laches is available in administrative proceedings where no time limitation is applicable, where the complaining party failed to exercise due diligence in instituting an action and where there is prejudice to the other party. *Mitchell v. Workers' Compensation Appeal Board (Devereux Foundation),* 796 A.2d 1015 (Pa.Cmwlth.2002). In *Shannon v. Workmen's Compensation Appeal Board (City of Erie—Fire Depart-*

*ment* ), 691 A.2d 1010 (Pa.Cmwlth.), *petition for allowance of appeal denied,* 549 Pa. 731, 702 A.2d 1062 (1997), a claimant filed a petition for past due compensation, interest and penalties. The claimant had been awarded benefits by the WCJ and the Board and Employer did not seek a supersedeas. *Shannon.* Despite this award, the claimant did not file her petition for past due compensation until one and a half years after this Court ultimately overturned the Board's decision granting benefits. *Id.* Although the claimant was entitled to benefits, this Court determined that the claimant had forfeited that entitlement by delaying her application for benefits. *Id.*

Here, Employer had an obligation to notify Claimant of his reporting requirements under the Act in order to secure an offset. Employer, however, did not notify Claimant of the reporting requirements until June 6, 2005—nearly five years after his work injury, and over two years after Claimant began receiving workers' compensation benefits. The Board determined that although Employer was entitled to pursue an offset from the time Claimant began earning workers' compensation benefits, by delaying to notify Claimant of his duty to report his Social Security benefits until June 6, 2005, Employer failed to act with due diligence. If Employer were permitted to recoup the offsetable benefits prior to June 6, 2005, hardship and prejudice to Claimant can be presumed as Claimant's weekly workers' compensation benefits would be reduced to zero for a period of 25.75 weeks.[4] *See Kindle v. State Board of Nurse Examiners,* 512 Pa. 44, 52, 515 A.2d 1342, 1346 (1986) ("while the facts constituting undue prejudice ... must usually be expressly demonstrated,

special situations do exist where such a showing is either presumed, or need not be made at all."). Based upon our review, the Board did not err or abuse its discretion in applying the doctrine of laches in this instance.

Accordingly, the order of the Board is affirmed.

### ORDER

AND NOW, this 14th day of August, 2007, the order of the Workers' Compensation Appeal Board, at No. A06–0136, dated November 16, 2006, is AFFIRMED.

---

4. Employer maintains that Claimant's weekly workers' compensation benefits should be reduced to zero for a period of 51.5 weeks.