# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Consol Pennsylvania Coal Company/ :
Bailey Mine Extension and East Coast:
Risk Management, LLC, :
           Petitioners :
            :
         v. : No. 314 C.D. 2019
            :
Workers' Compensation Appeal :
Board (Johnson), :
           Respondent :

Jay W. Johnson, :
           Petitioner :
            :
         v. : No. 370 C.D. 2019
            :
Workers' Compensation Appeal :
Board (Consol Pennsylvania :
Coal Company, LLC), :
           Respondent : ARGUED: February 11, 2020

BEFORE:   HONORABLE ANNE E. COVEY, Judge
          HONORABLE CHRISTINE FIZZANO CANNON, Judge
          HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                FILED: April 24, 2020

In these consolidated petitions for review, Consol Pennsylvania Coal Company/Bailey Mine Extension (Consol) and East Coast Risk Management, LLC (Insurer) (collectively, Employer) and Jay W. Johnson (Claimant) appeal from the February 20, 2019 Order of the Workers' Compensation Appeal Board (Board),

affirming the decision of a workers' compensation judge (WCJ).[1] The WCJ concluded that, in accordance with Section 204(a) of the Workers' Compensation Act (Act),[2] Employer was entitled to a retroactive offset of workers' compensation wage loss benefits it paid Claimant for the period of January 12, 2017, through May 6, 2017, following Claimant's receipt of Employer-funded pension benefits. The WCJ also denied Claimant's penalty petition because Claimant failed to establish that Employer violated any provisions of the Act. The issues before this Court are: (1) whether Employer is entitled to a retroactive offset of wage loss benefits paid prior to January 12, 2017; and (2) whether the WCJ erred in denying Claimant's penalty petition.

## I. Background

### A. Statutory and Regulatory Framework

Section 204(a) of the Act provides, in relevant part, that employer-funded pension benefits shall be credited against any wage loss benefits awarded under the Act.[3] Pursuant to the regulations promulgated by the Department of Labor and Industry (Department), a workers' compensation insurer "*shall notify*" an employee of his obligation to report the receipt of pension benefits and "*shall provide*" the employee the forms required to fulfill this obligation. 34 Pa. Code § 123.501(a) (emphasis added). An employee shall document his receipt of pension benefits on a form produced by the Department, LIBC-756 "Employee's Report of Benefits" (756

---

[1] Claimant and Employer filed separate appeals that were consolidated by Order of this Court dated December 3, 2019.

[2] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 71(a).

[3] Section 204(a) of the Act also permits an offset for a claimant's receipt of unemployment compensation and "old age" social security benefits. 77 P.S. § 71(a).

Form), which must be completed and forwarded to the insurer within 30 days of the employee's receipt of pension benefits, or within 30 days of a change in the receipt of such benefits, "*but at least every 6 months*." 34 Pa. Code § 123.3 (emphasis added). An employer must supply an employee with a new 756 Form every six months. *Muir v. Workers' Comp. Appeal Bd. (Visteon Sys. LLC)*, 5 A.3d 847, 853 (Pa. Cmwlth. 2010).

Upon receipt of the 756 Form, an insurer may offset payments for wage loss benefits by the employer-funded portion of an employee's pension benefits. 34 Pa. Code § 123.4(a). The insurer must notify the employee "[a]t least 20 days prior to taking the offset," through issuance of another Department form, Form LIBC-761 "Notice of Workers' Compensation Benefit Offset" (Offset Notice), which indicates the amount and type of the offset, how the offset was calculated, the date upon which the offset will commence, and "*[t]he amount of any recoupment, if applicable*." 34 Pa. Code § 123.4(b) (emphasis added). "[Wage loss] benefits otherwise payable *shall be offset*" by the net amount of an employee's pension benefits, to the extent those benefits are funded by the employer responsible for paying workers' compensation. 34 Pa. Code § 123.8(a) (emphasis added). An insurer "*may be entitled*" to a retroactive offset of wage loss benefits upon receipt of information that an employee has collected employer-funded pension benefits. 34 Pa. Code § 123.5(a) (emphasis added). Neither the Act nor the regulations grant an employer an absolute right to a retroactive offset. *Maxim Crane Works v. Workers' Comp. Appeal Bd. (Solano)*, 931 A.2d 816, 819 (Pa. Cmwlth. 2007). Section 204(a) serves an important policy objective in reducing the cost of the workers' compensation system by eliminating double payment for the same loss of wages. *City of Pittsburgh v. Workers' Comp. Appeal Bd. (Wright)*, 90 A.3d 801, 811 (Pa. Cmwlth. 2014).

## b. Factual Background

On July 16, 2014, Claimant sustained an injury to his left wrist while working as a laborer at Employer's coal preparation plant. Reproduced Record (R.R.) at 104.[4] Employer paid Claimant short-term disability benefits at a rate of $550 per week, commencing July 17, 2014. *Id.* at 105. In the course of litigating this work injury before a WCJ, Claimant testified in July 2015 that he "start[ed] the paperwork for retirement" and anticipated receiving his pension on September 30, 2015, at the earliest. *Id.* at 92. On November 5, 2015, a WCJ awarded Claimant workers' compensation wage loss benefits in the amount of $932 per week, retroactive to July 17, 2014, with Employer receiving credit for its payment of short-term disability benefits. *Id.* at 112. On September 30, 2015, Claimant retired and began receiving Employer-funded pension benefits. Certified Record (C.R.), Item No. 17. Approximately 14 months later, on January 12, 2017, Employer mailed Claimant a 756 Form. R.R. at 120. Employer advised Claimant that failure to complete the 756 Form could result in suspension of his wage loss benefits. *Id.*

On May 10, 2017, Employer issued an Offset Notice, notifying Claimant that his wage loss benefits would be reduced beginning May 7, 2017, to offset his pension benefits to the extent they were Employer-funded. *Id.* at 99-100. Additionally, Employer asserted that it overpaid Claimant wage loss benefits for the period of September 30, 2015, the date Claimant retired, through May 6, 2017, the day before Employer's ongoing offset would take effect. *Id.* at 101. As a result, Employer would suspend Claimant's wage loss benefits entirely for a period of 39 weeks to recoup the overpayment. *Id.*

---

[4] The reproduced record in this matter follows a numbering format of "RR 1, RR 2," etc., which does not comply with Pennsylvania Rule of Appellate Procedure 2173, Pa.R.A.P. 2173, which directs that the pages of the reproduced record be numbered using Arabic numerals followed by a lower case letter "a"—*i.e.*, "1a, 2a, 3a," etc.

Claimant filed a review petition with the Department, challenging Employer's offset of his wage loss benefits. R.R. at 1. Claimant argued that Employer was aware in July 2015 that Claimant was applying for pension benefits and the 756 Form, which Employer mailed on January 12, 2017, should have been sent prior to that date. *Id.* at 71. Claimant asserted Employer was not entitled to an offset of any wage loss benefits paid to Claimant prior to the date Employer mailed the 756 Form. *Id.* at 70. Claimant further asserted that Employer violated the Act when it suspended payment of his wage loss benefits. *Id.* at 1. Accordingly, Claimant sought penalties and unreasonable contest fees.[5] *Id.*

### c. WCJ's Decision

The WCJ issued a decision on February 13, 2018. *Id.* at 7-11. The WCJ found that Employer was aware in July 2015 that Claimant applied for a pension. *Id.* at 10. By sending Claimant a 756 Form approximately 18 months later, on January 12, 2017, Employer failed to exercise due diligence in pursuing a pension offset. *Id.* The WCJ determined that Employer was only entitled to a retroactive offset for pension benefits Claimant received after January 12, 2017, the date Employer mailed the 756 Form. *Id.* at 11. The WCJ directed Employer to reimburse Claimant any wage loss benefits recouped from the period of September 30, 2015 through January

---

[5] Section 440(a) of the Act, added by Section 3 of the Act of February 8, 1972, P.L. 25, 77 P.S. § 996(a), provides that:

> [i]n any contested case where the insurer has contested liability in whole or in part, ... the employe . . . in whose favor the matter at issue has been finally determined in whole or in part shall be awarded, in addition to the award for compensation, a reasonable sum for costs incurred for attorney's fee, witnesses, necessary medical examination, and the value of unreimbursed lost time to attend the proceedings: Provided, That cost for attorney fees may be excluded when a reasonable basis for the contest has been established by the employer or the insurer.

12, 2017. *Id.* However, the WCJ denied Claimant's penalty petition, finding that Claimant failed to establish Employer violated the Act in taking a retroactive offset, since Employer had a reasonable basis to contest Claimant's review petition. *Id.* at 10-11.

Employer appealed to the Board, arguing that it was entitled to a retroactive offset for all wage loss payments made from September 30, 2015, the date Claimant started receiving pension benefits, through May 10, 2017, the date Employer issued its Offset Notice. *Id.* at 15. Claimant filed a cross-appeal, arguing that the WCJ erred in denying his penalty petition. *Id.* at 24. The Board affirmed the WCJ's decision on February 20, 2019. *Id.* at 30-40. These appeals followed.

## II. Issues

On appeal,[6] Employer argues the WCJ erred in denying a retroactive offset for pension benefits received prior to January 12, 2017. Claimant argues the WCJ and Board erred in denying his request for penalties and unreasonable contest fees.

## III. Discussion

### A. Retroactive Offset

### 1. Claimant's Arguments

Claimant does not dispute Employer's right to an offset for benefits received after January 12, 2017, the date Employer first provided him with a 756 Form. Claimant does, however, dispute Employer's right to a retroactive offset of wage loss benefits received prior to January 12, 2017, as Employer failed to act with due diligence in mailing the 756 Form and also failed to supply Claimant with a new 756

---

[6] Our scope of review is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated. *Schemmer v. Workers' Comp. Appeal Bd. (U.S. Steel),* 833 A.2d 276, 279 n.4 (Pa. Cmwlth. 2003).

6

Form every six months for purposes of reporting or updating any receipt of benefits subject to an offset. Claimant has not argued Employer's retroactive offset caused him any hardship or prejudice.

In support of these arguments, Claimant relies on this Court's decision in *Maxim Crane*, in which an employer's retroactive offset was disallowed when the employer mailed a 756 Form more than two years after the claimant began receiving workers' compensation benefits.

In *Maxim Crane*, the claimant, Richard Solano (Solano), executed an April 4, 2003 agreement with his employer for the payment of workers' compensation benefits for a work injury sustained on October 10, 2000. 931 A.2d at 817. In January 2003, Solano began receiving social security benefits. *Id.* On June 6, 2005, Solano received a 756 Form, upon which Solano confirmed his receipt of social security benefits beginning in January 2003. *Id.* On August 3, 2005, the employer sent Solano an Offset Notice indicating its intent to take an ongoing offset from his wage loss benefits and to recoup benefits overpaid in the preceding months. *Id.* Solano filed a review petition challenging the employer's offset, which suspended his wage loss benefits entirely for a period of 25.75 weeks. *Id.* A WCJ granted Solano's employer an offset, but only retroactive to June 6, 2005, when the employer issued its 756 Form. *Id.* The employer appealed to the Board, which affirmed after concluding the employer failed to exercise due diligence in notifying Solano of his duty to report his receipt of pension benefits. *Id.* at 820.

The employer appealed to this Court. We noted that 34 Pa. Code § 123.5 merely provides that the insurer "*may* be entitled" to a retroactive offset of workers' compensation benefits following receipt of information that an employee collected pension benefits. *Id.* at 819 (emphasis in original). This Court otherwise found that

7

neither the Act nor the regulations granted the employer an absolute right to such an offset. *Id.* While Solano had a duty to report his receipt of social security benefits when requested by his employer, this Court determined that 34 Pa. Code § 123.501 placed the initial burden of notifying Solano of his obligation to report on the employer or insurer. *Id.* Critically, the employer did not notify Solano of his reporting obligations until five years after the work injury and more than two years after Solano began receiving workers' compensation benefits. *Id.* at 820. Given the employer's delay in complying with the notification requirements of 34 Pa. Code § 123.501, this Court held that the WCJ did not err in limiting the employer's retroactive offset to wage loss benefits paid after June 6, 2005, the date Solano's employer issued the 756 Form. *Id.* at 819.

Claimant next cites *Muir* as support for his argument that Employer is only entitled to an offset for pension benefits paid after January 12, 2017, the date Employer mailed the 756 Form. In *Muir*, the claimant, Barbara Muir (Muir), began receiving workers' compensation benefits for a work injury sustained on October 9, 2000. 5 A.3d at 848. On August 8, 2005, Muir reported her receipt of social security disability benefits on a 756 Form provided by her employer.[7] *Id.* Effective October 28, 2006, Muir began receiving old age social security benefits. *Id.* On June 26, 2007, Muir completed a second 756 Form noting her receipt of old age social security benefits. *Id.* The employer filed an Offset Notice on July 31, 2007, claiming its entitlement to a retroactive offset of Muir's wage loss benefits following her receipt of old age social security benefits. *Id.* As a consequence, for the period of August 28, 2007, through November 14, 2007, Muir would receive no wage loss benefits. *Id.* Muir filed a penalty petition against the employer. *Id.* at 848-49. A

---

[7] Section 204(a) of the Act does not provide for an offset of workers' compensation benefits following the receipt of social security disability benefits.

WCJ denied the penalty petition on the basis that Muir knew on August 8, 2005, that she had to report her receipt of social security benefits but she failed to do so until June 26, 2007, and her employer was therefore entitled to a retroactive credit. *Id.*

Muir appealed to the Board, which affirmed the WCJ's denial of penalties, but reversed with respect to the retroactive credit. *Id.* at 850. The Board noted that 34 Pa. Code § 123.3 imposes on a claimant the duty to report a change in receipt of old age social security benefits every six months. *Id.* The Board also noted that 34 Pa. Code § 123.501 imposes a duty on the employer to notify the claimant of the reporting requirement. *Id.* The Board determined that, when read together, these regulations require an employer to supply a claimant with a new 756 Form every six months for purposes of reporting or updating any receipt of benefits subject to an offset. *Id.* Such a construction of the regulations would prevent the imposition of a large retroactive offset if several years passed before an employer provided the correct form. *Id.* at 853. The Board deemed unrealistic the expectation that an unsophisticated claimant would file a new 756 Form on her own every six months. *Id.* On appeal, this Court affirmed the Board, discerning no error in the Board's interpretation of the competing regulations, especially in light of the humanitarian objectives of the Act. *Id*. at 853.

## 2. Employer's Arguments

Employer maintains that it is entitled to a retroactive offset that includes the period of September 30, 2015, when Claimant began collecting pension benefits, through January 12, 2017, when Employer mailed the 756 Form. Employer argues that to hold otherwise would allow Claimant to reap double recovery of benefits.

9

In support of this position, Employer relies on *Wright*, wherein this Court noted that the Act and the regulations expressly authorize an employer's retroactive offset "as needed" to recover overpaid wage loss benefits. 90 A.3d at 811.

In *Wright*, the claimant, John Wright (Wright), began receiving wage loss and disability pension benefits, effective May 30, 2005. *Id.* at 802-03. Approximately 10 weeks later, on August 5, 2005, his employer issued an Offset Notice advising Wright that effective August 8, 2005, and ongoing, Wright's wage loss benefits would be reduced to offset his receipt of pension benefits. *Id.* at 803. Wright's employer would further reduce his wage loss benefits by $100 per week to recoup benefits overpaid for the period of May 30, 2005, through August 8, 2005. *Id.* During this period, Wright would continue to collect $455.76 in weekly wage loss benefits in addition to $3,568 in monthly pension benefits. *Id.*

Wright filed a review petition with the Department, challenging the employer's calculation of its retroactive offset. *Id.* at 803. The WCJ allowed the employer's ongoing pension offset but disallowed a retroactive offset for the overpayment. *Id.* at 804. Both parties appealed to the Board, which affirmed. *Id.* On appeal to this Court, the employer argued that the Board erred in concluding it was not entitled to recoup the overpayment of Wright's wage loss benefits.

This Court noted that, under Section 204(a) of the Act, pension benefits funded by the employer shall be credited against the amount of wage loss benefits owed by that employer. *Id.* at 808. We explained that Section 204(a) serves an important policy objective in reducing the cost of the workers' compensation system by eliminating double payment for the same loss of wages. *Id.* at 811. Accordingly, we determined that the Act and the regulations expressly authorize an employer's retroactive offset "as needed" to recover overpaid wage loss benefits. *Id.*

As Wright collected both disability pension benefits and wage loss benefits from May 30, 2005, through August 8, 2005, we concluded that Wright received benefits to which he was not entitled and realized a double recovery, the precise result Section 204(a) was intended to prevent. *Id.* at 812. Under *Muir*, an employer must issue a 756 Form every six months. *Id.* This requirement ensures that an employer will rarely need to seek a retroactive offset of wage loss benefits paid over a period exceeding six months. *Id.* We determined that this requirement was satisfied, as Wright's employer only sought a retroactive offset for wage loss benefits paid from May 30, 2005, through August 5, 2005, a period of approximately 10 weeks. *Id.* Accordingly, we reversed the Board's order to the extent that it disallowed a retroactive offset of Wright's overpaid benefits. *Id.* at 813.

Employer further relies on *Gelvin v. Workers' Compensation Appeal Board (Pennsylvania State Police)*, 120 A.3d 473 (Pa. Cmwlth. 2015), to support its argument that Employer is entitled to a retroactive offset for wage loss benefits paid over a period of approximately 14 months. In *Gelvin*, the claimant, Stacy Gelvin (Gelvin), received wage loss benefits for approximately four years before accepting a lump sum payment of disability pension benefits on February 29, 2012, retroactive to February 2011. *Id.* at 473-74. On March 16, 2012, Gelvin reported her receipt of these benefits on a 756 Form sent by her employer earlier that month. *Id.* at 474-75. Gelvin's employer subsequently issued an Offset Notice suspending Gelvin's wage loss benefits for approximately one year so her employer could recoup its overpayment of wage loss benefits. *Id.* at 475. Gelvin filed two petitions seeking the reinstatement of her benefits and requesting the imposition of penalties for her employer's unilateral suspension of her benefits. *Id.* at 474.

11

The WCJ found that Gelvin's employer was only entitled to a retroactive offset as of March 16, 2012, the date Gelvin returned the 756 Form. *Id.* at 475. The WCJ also found that, by unilaterally recouping the pension benefit offset, Gelvin's employer violated the Act. *Id.* Accordingly, the WCJ imposed penalties and an unreasonable contest fee. *Id.* The employer appealed to the Board, which reversed on the basis that Gelvin's employer made Gelvin aware of her reporting obligations and provided her with a new 756 Form on a regular basis. *Id.* at 475-76. The Board noted that Gelvin received full wage loss benefits during the period in which her disability pension application was pending. *Id.* at 476. Affirming the WCJ in such a circumstance would result in a double recovery of benefits. *Id.*

Gelvin appealed to this Court, which affirmed the Board, as the record reflected that Gelvin began receiving disability pension benefits on February 29, 2012, and her employer provided a new 756 Form in March 2012. *Id.* at 478. Gelvin's employer thus satisfied its duty under *Maxim Crane* and *Muir* to notify Gelvin of her reporting obligations under 34 Pa. Code § 123.3. *Id.* While Gelvin was subjected to a large retroactive offset, it was not due to her employer's lack of diligence. *Id.* Accordingly, this Court held that the Board correctly determined that the employer was entitled to a retroactive offset beginning in February 2011. *Id.* at 480. To the extent Gelvin sought penalties based on her employer's unilateral suspension of wage loss benefits, we concluded that the Board correctly held that 34 Pa. Code § 123.4 permits an employer to unilaterally take an offset. *Id.*

### 3. Analysis

To summarize the precedent discussed herein, neither the Act nor the Department's regulations grant an employer the absolute right to a retroactive offset. *Maxim Crane*, 931 A.2d at 819. An employer's failure to notify a claimant of his

reporting requirements for more than two years after the claimant began to receive wage loss benefits demonstrated a lack of due diligence. *Id.* at 820. An employer must supply an employee with a new 756 Form every six months, which reduces the likelihood that an employer will need to recoup wage loss benefits paid over a period exceeding six months. *Muir*, 5 A.3d at 853. The requirement established in *Muir* is to avoid circumstances in which an employer's lack of due diligence results in a large retroactive offset. *Gelvin*, 120 A.3d at 478. A large retroactive offset is permissible where the amount recouped is not related to any lack of diligence on the employer's part. *Id.*

We reaffirm our understanding that Section 204(a) of the Act serves the important policy objective of eliminating double payment for the same loss of wages. *Wright*, 90 A.3d at 811. Furthermore, the Act and the regulations expressly authorize an employer's retroactive offset "as needed" to recover overpaid wage loss benefits. *Id.* Such an offset is not automatic, however, as 34 Pa. Code § 123.5(a) merely provides that an employer "*may* be entitled to an offset" following receipt of information that an employee has collected pension benefits. 34 Pa. Code § 123.5(a) (emphasis added).

In the instant matter, a WCJ awarded Claimant wage loss benefits on November 11, 2015. This award triggered Employer's duty to notify Claimant of his reporting obligations under the Department's regulations. Employer did not fulfill this duty until 14 months later, when it mailed a 756 Form on January 12, 2017. This 14-month period clearly falls outside the 6-month mandate established in *Muir* and evidences a lack of due diligence on Employer's part.

We also find that Employer's reliance on *Wright* and *Gelvin* is misplaced, as those cases are factually distinguishable. Wright's employer overpaid wage loss

benefits for a brief period of 10 weeks before it issued Wright an Offset Notice. This was well within the time constraints established in *Muir*. Here, Employer overpaid Claimant wage loss benefits for 14 months. In *Gelvin*, this Court sanctioned an otherwise large, retroactive offset of benefits because the amount of the offset was not caused by the employer's failure to exercise due diligence. Such is not the case here, as Employer's lack of due diligence, and failure to comply with *Muir*, is the precise cause of its large retroactive offset.

For these reasons, we conclude Employer failed to exercise due diligence in notifying Claimant of his duty to report his receipt of pension benefits and the WCJ correctly limited Employer's retroactive offset to benefits paid from January 12, 2017, the date Employer issued a 756 Form, through May 10, 2017, the date Employer issued the Offset Notice. Employer's delay in mailing the 756 Form is sufficiently egregious that affirmance of the Board is appropriate.

### B. Penalties and Unreasonable Contest Fees

Next, we address Claimant's argument that the WCJ and the Board erred in denying his petition seeking penalties and unreasonable contest fees.

Section 435(d) of the Act grants a WCJ the power to impose penalties for violations of the Act or the Department's regulations.[8] The imposition of penalties, however, is within the WCJ's discretion and is not automatic, even where there is an apparent violation of the Act. *Lincow v. Workers' Comp. Appeal Bd. (Prudential Sec., Inc.)*, 832 A.2d 569, 571 (Pa. Cmwlth. 2003). Absent an abuse of discretion, we will not overturn the WCJ's decision on appeal. *Brutico v. Workers' Comp. Appeal Bd. (US Airways, Inc.)*, 866 A.2d 1152, 1156 (Pa. Cmwlth. 2004).

---

[8] Added by Section 3 of the Act of February 8, 1972, P.L. 25, 77 P.S. § 991(d).

As to unreasonable contest fees, Section 440(a) of the Act provides that a WCJ shall award a successful claimant counsel fees, unless the employer has established a reasonable basis for contesting liability. 77 P.S. § 996(a). Whether an employer's contest of liability is reasonable is a question of law subject to this Court's plenary review. *Bates v. Workers' Comp. Appeal Bd. (Titan Constr. Staffing, LLC)*, 878 A.2d 160, 163 (Pa. Cmwlth. 2005). The reasonableness of an employer's contest depends on whether the contest was prompted to resolve a genuinely disputed issue or merely to harass the claimant. *Id.* A reasonable basis for contesting liability exists where the status of the law is uncertain at the time of the WCJ's hearing. *Chichester Sch. Dist. v. Workmen's Comp. Appeal Bd. (Fox)*, 592 A.2d 774, 779 (Pa. Cmwlth. 1991).

In affirming the WCJ's denial of Claimant's penalty petition, the Board concluded that sufficient tension existed between our decisions in *Maxim Crane*, which holds that an employer does not have an absolute right to a retroactive credit, and *Wright*, which expressly authorizes a retroactive offset "as needed." *Wright*, 90 A.3d at 811. Furthermore, 34 Pa. Code § 123.4 permits an employer to take an offset unilaterally. *Gelvin*, 120 A.3d at 480.

Claimant argues that Employer violated the Act when it engaged in self-help and unilaterally suspended his wage loss benefits. Claimant suggests Employer should have instead filed a review petition, after which a WCJ could have decided the appropriate course of action.

Employer denies it violated any provisions of the Act or the Department's regulations. Rather, Employer took an offset against Claimant's wage loss benefits following his receipt of Employer-funded pension benefits. Claimant's benefits were not unilaterally suspended and Employer did not engage in self-help.

15

Employer complied with the requirements of 34 Pa. Code § 123.4 by issuing Claimant an Offset Notice notifying him that wage loss benefits would be offset. Because this was the appropriate procedure to follow, we conclude that Employer's contest was reasonable.

Claimant's argument in support of penalties must also fail, because he has failed to demonstrate that the WCJ abused his discretion in denying Claimant's penalty petition. Absent such an abuse of discretion, we discern no error in the WCJ's failure to impose penalties under Section 435(d) of the Act.

Moreover, although we have concluded Employer is not entitled to a retroactive offset for wage loss benefits paid prior to January 12, 2017, we cannot say that Employer's contest of Claimant's review petition was unreasonable, as our prior decisions in this regard have been largely fact-specific, and there is no evidence to suggest Employer's contest was prompted to harass Claimant.

## IV. Conclusion

The WCJ committed no error in determining that Employer was not entitled to a retroactive offset for wage loss benefits paid before January 12, 2017, the date upon which Employer issued a 756 Form. We likewise discern no error in the WCJ's denial of Claimant's request for penalties and unreasonable contest fees or in the Board's affirmance of that denial. Accordingly, we affirm the Board's Order.

_____
ELLEN CEISLER, Judge

16

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Consol Pennsylvania Coal Company/ :
Bailey Mine Extension and East Coast:
Risk Management, LLC, :
                 Petitioners :
                                :
       v. : No. 314 C.D. 2019
                                  :
Workers' Compensation Appeal :
Board (Johnson), :
                 Respondent :

Jay W. Johnson, :
                 Petitioner :
                                :
       v. : No. 370 C.D. 2019
                                  :
Workers' Compensation Appeal :
Board (Consol Pennsylvania :
Coal Company, LLC), :
                 Respondent :

# **O R D E R**

AND NOW, this 24th day of April, 2020, the February 20, 2019 Order of Workers' Compensation Appeal Board is hereby affirmed.

_____
ELLEN CEISLER, Judge