# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gregory Roberts,                            :
                            Petitioner      :
                                            :
            v.                              :   No. 2159 C.D. 2014
                                            :   SUBMITTED:  May 29, 2015
Workers' Compensation Appeal                :
Board (Department of Public                 :
Welfare),                                   :
                            Respondent      :


BEFORE:     HONORABLE BONNIE BRIGANCE LEADBETTER, Judge
            HONORABLE RENÉE COHN JUBELIRER, Judge
            HONORABLE PATRICIA A. McCULLOUGH, Judge


**OPINION NOT REPORTED**


**MEMORANDUM OPINION BY**
**JUDGE LEADBETTER**                    **FILED:  August 14, 2015**


Claimant, Gregory Roberts, petitions for review of an order of the Workers' Compensation Appeal Board that affirmed the decision of the Workers' Compensation Judge (WCJ) denying his petition for penalties.  We affirm.

In relevant part, the background of this matter is as follows.  For approximately twenty years, Claimant worked as a houseparent for Employer Department of Public Welfare.  *Dep't of Public Welfare/Norristown State Hosp. v. Workers' Comp. Appeal Bd. (Roberts)*, 29 A.3d 403, 404 (Pa. Cmwlth. 2011) ("*Roberts I*").  During the course of his employment, he suffered injuries in 1997 and 1998, after which he did not return to work in any capacity.  *Id*.  In June 2004,

Employer filed a modification petition based on a labor market survey indicating that positions were generally available to Claimant within his restrictions. Employer also filed a suspension petition, seeking to suspend Claimant's benefits as of June 15, 1999 on the ground that he voluntarily left the labor market as of that date. *Id*. Fifty-one years old when he stopped working for Employer, Claimant took a retirement pension based on his approximately twenty years with Employer. Soon thereafter, he also took a Social Security Disability pension. *Id*.

In April 2006, the WCJ denied both of Employer's petitions. Although he determined that Claimant was capable of sedentary work, the WCJ concluded that Employer failed to carry its burden regarding the modification petition because it was inconceivable that Employer did not have a suitable position within Claimant's abilities. Regarding the suspension petition, the WCJ determined that Claimant did not voluntarily withdraw from the labor market because his choice to take a retirement pension was an economic decision. *Id*. at 405. Employer appealed. In May 2007, the Board affirmed the WCJ's denial of the suspension petition, determining that Claimant's retirement meant only that he had left Employer and not the labor market. The Board, however, remanded for further fact-findings on the modification petition regarding the availability of positions with Employer. *Id*.

In November 2008, the WCJ on remand once again denied the modification petition, concluding that Claimant was unable to perform the jobs identified therein. The WCJ, however, did not review the merits of the suspension petition, concluding that he lacked jurisdiction in that the Board had already affirmed that aspect of his prior decision. Employer appealed and the Board affirmed. *Id*. at 406. On appeal, we reversed and ordered that Claimant's benefits

2

be suspended. We held that the totality of circumstances found by the WCJ established that Claimant voluntarily withdrew from the workforce because he had not worked since his September 1998 work-related injury. *Id*. at 407-08. In addition, we dismissed the modification petition as moot and remanded for a determination of when the suspension of benefits should begin as it was unclear why Employer sought a suspension of benefits as of June 15, 1999. *Id*. at 408. In June 2012, the WCJ found that the effective date of suspension should be June 5, 1999.[1] In February 2013, the Board affirmed and no appeal was taken.

In April 2013, Claimant filed the penalty petition at issue, alleging that Employer failed to pay him benefits pursuant to the Board's February 2013 decision. The WCJ denied Claimant's penalty petition and the Board affirmed in October 2014. Claimant's petition for review followed.

Section 435 of the Workers' Compensation Act (Act),[2] 77 P.S. § 991, provides for the imposition of penalties for violations of the Act. The decision to impose penalties is discretionary. *Muir v. Workers' Comp. Appeal Bd. (Visteon Sys. LLC)*, 5 A.3d 847, 853 (Pa. Cmwlth. 2010). Absent an abuse of discretion, it will not be overturned on appeal. *Crucible, Inc. v. Workers' Comp. Appeal Bd. (Vinovich)*, 713 A.2d 749, 753 (Pa. Cmwlth. 1998). Further, it is the employee's burden to produce sufficient evidence of a violation. *Sanders v. Workers' Comp. Appeal Bd. (Marriott Corp.)*, 756 A.2d 129, 132-33 (Pa. Cmwlth. 2000).

---

[1] As the Board observed, the WCJ found that "Claimant had retired as of June 5, 1999 based on documents submitted from the State Employees' Retirement System." Board's February 26, 2013 Decision at 3; Supplemental Reproduced Record at 9. Employer initially sought the suspension of benefits as of June 15, 1999.

[2] Act of June 2, 1915, P.L. 736, *as amended*, added by Section 3 of the Act of February 8, 1972, P.L. 25.

In the present case, Claimant only generally asserted that he was entitled to penalties because Employer failed to pay him pursuant to the Board's February 2013 decision. The WCJ denied his petition, concluding:

> 2. Claimant has failed to sustain any basis for a Penalty, as the most recent operative documents [sic] is the February 28, 2013 [sic/February 26] Order of the Workers' Compensation Board Affirming that all benefits are Suspended as of June 5, 1999. As there is no documentation that this Order was ever appealed, it is currently the law of the case, and Claimant's benefits remain in Suspension. As a result, this Penalty Petition must be denied.

WCJ's October 16, 2013 Decision, Conclusion of Law No. 2. The Board agreed, stating that Employer "owed no benefits to Claimant as his benefits were properly in a suspended status and [it] did not violate the Act." Board's October 29, 2014 Decision at 5. We agree.

Moreover, it appears that Claimant's real challenge is to the determination that he voluntarily removed himself from the workforce thereby warranting the suspension of benefits. In that regard, the pertinent averments of his petition for review provide:

> 3. The [October 29, 2014] Order of the Board affirmed the October 16, 2013 Decision of the [WCJ], who determined that the Petitioner's benefits be suspended for allegedly retiring from the work force. Therefore, [the WCJ] denied Petitioner's Penalty Petition.
>
> 4. [The WCJ] committed a reversible error of law by so finding pursuant to Pennsylvania statutory and case law.
>
> 5. The Board's affirmance of [the WCJ's] Decision constituted the same reversible error.

4

Claimant's December 1, 2014 Petition for Review, ¶¶ 3-5. Further, in his brief to this Court, Claimant requests that *Roberts I* be reversed and that benefits be reinstated retroactive to the date of suspension. In the alternative, he requests that we remand this matter to afford him an opportunity to present evidence as to his alleged voluntary withdrawal from the workforce. Claimant's Brief at 15. Claimant's position is without merit.

Inasmuch as Claimant failed to take an appeal from the Board's February 2013 decision, he cannot use the instant penalty petition to challenge the determination that he voluntarily removed himself from the workforce. Accordingly, to the extent that Claimant is seeking to re-litigate that determination, he is barred from doing so via the above-captioned appeal. *See Weney v. Workers' Comp. Appeal Bd. (Mac Sprinkler Sys., Inc.)*, 960 A.2d 949, 954 (Pa. Cmwlth. 2008) (holding that, where there is a final judgment on the merits, a future suit between the parties on the same cause of action is precluded.)

Accordingly, we affirm.

_____
**BONNIE BRIGANCE LEADBETTER,**
Judge

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Gregory Roberts,            :
                Petitioner     :
                          :
           v.           :    No. 2159 C.D. 2014
                          :
Workers' Compensation Appeal   :
Board (Department of Public    :
Welfare),                  :
              Respondent   :

## O R D E R

AND NOW, this 14th day of August, 2015, the order of the Workers' Compensation Appeal Board is hereby AFFIRMED.

---
**BONNIE BRIGANCE LEADBETTER,**
Judge