Barbara MUIR, Petitioner

v.

WORKERS' COMPENSATION AP-
PEAL BOARD (VISTEON SYS-
TEMS LLC), Respondent.

Visteon Systems and GAB
Robins, Petitioners

v.

Workers' Compensation Appeal
Board (Muir), Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 13, 2010.

Decided Oct. 1, 2010.

George Martin, Philadelphia, for designated petitioner, Barbara Muir.

Kelly A. Hemple, Philadelphia, for respondent, Visteon Systems, LLC.

BEFORE: McGINLEY, Judge, and SIMPSON, Judge, and FLAHERTY, Senior Judge.

OPINION BY Judge McGINLEY.

Barbara Muir (Claimant) petitions for review from the order of the Workers' Compensation Appeal Board (Board) which reversed in part and affirmed in part the decision of the Workers' Compensation Judge (WCJ). The Board reversed in part and modified the WCJ's decision and ordered that Claimant's benefits be reduced to $452.37 for the period from August 28, 2007, to November 13, 2007. The WCJ reduced Claimant's benefits to $0 for that same period. The Board affirmed the WCJ's denial of Claimant's penalty petition, the WCJ's determination that Visteon Systems (Employer) engaged in a reasonable contest, and the WCJ's grant of Employer's review petition to change Claimant's status from temporary total disability to partial disability as of the date of the Impairment Rating Evaluation (IRE) on August 15, 2007.

Employer cross-petitioned and seeks review of the Board's modification of the WCJ's decision.

### I. Facts and Procedural History.

Claimant suffered a work-related injury in the course and scope of her employment with Employer on October 9, 2000. Pursuant to a notice of compensation payable, Claimant received compensation benefits of $611.00 per week based on an average weekly wage of $1,045.58 for a neck "sprain/strain." Amended Notice of Compensation Payable, December 7, 2000, at 1.

On August 8, 2005, Claimant completed a LIBC–756 Form which Employer had sent to her. On the form Claimant stated that she received Social Security disability benefits. On June 26, 2007, Claimant completed another LIBC–756 Form at Employer's request. On this form Claimant noted that she started to receive old age Social Security benefits on October 28, 2006, in the gross amount of $1,376.90 per month.

On July 31, 2007, Employer filed a Notice of Workers' Compensation Offset which indicated that it was entitled to an offset credit for half of the old age Social Security benefits received and that the offset amount of $6,884.50 would be deducted from her weekly workers' compensation benefits beginning on August 28, 2007, and continuing until November 14, 2007. During that time Claimant would receive and Employer would pay $0 in workers' compensation benefits. After that, Claimant would receive reduced benefits of $452.37 per week.

On or about August 31, 2007, Employer petitioned to review and alleged that Claimant's status should be changed from temporary total disability to partial disability based upon the Impairment Rating Determination (IRD) of Lora Regan, M.D. (Dr. Regan) that Claimant had a whole impairment of five percent (5%).

On or about November 20, 2007, Claimant filed a penalty petition and alleged that Employer violated the Workers' Compen-

sation Act (Act) [1] because "[t]he Defendant [Employer] has taken an illegal retroactive suspension of benefits in violation of the law, as set forth in ... *Maxim Crane Works* [*v. Workers' Compensation Appeal Board (Solano)*, 931 A.2d 816 (Pa.Cmwlth. 2007) ]. As a result, the Claimant has been placed under severe financial difficulty. A penalty of 50% is requested along with unreasonable contest attorneys [sic] fees." Petition for Penalties, November 20, 2007, at 2.

Employer presented the IRD, which indicated that Claimant had a whole person impairment rating of five percent (5%). Employer presented the deposition testimony of Lora S. Regan, M.D. (Dr. Regan), board-certified in internal medicine and occupational medicine. Dr. Regan was certified by the Commonwealth of Pennsylvania to perform the IRE, which Dr. Regan did on August 15, 2007. As part of the evaluation, Dr. Regan took a history and reviewed medical records. Dr. Regan testified within a reasonable degree of medical certainty that she diagnosed Claimant with "cervical disc disease, and her impairment rating for this condition was a 5 percent whole person impairment." Deposition of Lora S. Regan, M.D., January 30, 2008, (Dr. Regan Deposition) at 25; Reproduced Record (R.R.) at 71a. Dr. Regan also diagnosed Claimant with left chronic lateral epicondylitis or tennis elbow. Dr. Regan Deposition at 28; R.R. at 74a. Dr. Regan determined there was no additional numeric impairment for the elbow condition. Dr. Regan Deposition at 29; R.R. at 75a.

The WCJ granted the review petition and changed Claimant's status from temporary total disability to partial disability as of the date of the IRE, August 15, 2007, and denied Claimant's penalty petition.

The WCJ made the following relevant findings of fact:

10. The testimony of Dr. Regan is found to be credible and convincing. Dr. Regan clearly and persuasively explained her rationale for concluding Claimant has a five percent (5%) whole person impairment. Dr. Regan referred to the specific tables upon which she relied and provided a detailed explanation regarding how she concluded Claimant had reached maximum medical improvement prior to the date of her examination. Claimant did not submit any contrary evidence.

. . . .

12. This Judge finds that Claimant has failed to establish that Defendant [Employer] violated the terms and/or provisions of the Act. Based upon Exhibit D–2, Claimant was aware in at least August 2005 of the reporting requirements of old age social security benefits, but Claimant did not report the receipt of those benefits until she filled out the Offset form on June 26, 2007. This Judge finds that the facts in this case are distinguishable from those in Maxim Crane Works. In this case, the evidence clearly indicates that Claimant was made aware of her reporting obligations in at least August 2005, but she did not report her receipt of said benefits until June 2007. Accordingly, this Judge finds that Defendant [Employer] was entitled to an offset of the previously received social security old age benefits, and therefore no penalties are warranted.

13. Defendant's [Employer] contest was reasonable at all times.

WCJ's Decision, December 9, 2008, Findings of Fact Nos. 10 and 12–13 at 3; R.R. at 14a.

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1041.4, 2501–2708.

Claimant appealed to the Board and contended that the WCJ erred when she denied the penalty petition because Employer or its insurer had the initial duty to provide her with the proper forms to report receipt of Social Security benefits. The Board reversed and modified with respect to the offset but determined the WCJ did not err when she denied penalties:

> We agree that Defendant [Employer] was not entitled to a retrospective credit for Claimant's Social Security old age benefits dating back to October 2006, based on Maxim Crane Works. The issue here, however, is much closer than in Maxim Crane Works. Unlike in that case, Claimant completed an LIBC–756 form previous to her receipt of Social Security old-age benefits. The regulations placed a duty on her to report these benefits within 30 days of receipt or within 30 days of any change in the receipt of such benefits, and at least every six months.... Nevertheless, the regulations also imposed a duty on Defendant [Employer] to notify her of the reporting requirement and to provide her with the forms required to fulfill this reporting requirement....
>
> .... The problem here lies solely in the duty to provide her with the forms. One possible reading of the regulations is that an employer only needs to supply the claimant with an LIBC–756 form on one occasion, and it becomes Claimant's duty to duplicate the form or request a new form, if or when there is a change in her receipt of benefits subject to credit under Section 204(a) of the Act. Another interpretation is that the employer should be supplying the claimant with a new LIBC–756 form every six months to remind and require her to update her recording of benefits subject to offset. We are guided by the principle that the Act must be liberally construed to effec-

tuate its humanitarian purposes, and borderline interpretations are to be resolved in favor of injured employees.... Therefore, we are compelled to follow the latter interpretation; i.e., the employer should be supplying the claimant with a new LIBC–756 form every six months. Otherwise, claimants could be subjected to rather large retrospective offsets if several years have past [sic] since they last received an LIBC–756 form from the employer. Indeed, it might be unrealistic to expect unsophisticated claimants to file LIBC–756 forms entirely on their own volition at least every six months, which is why the regulations place a duty on the insurer to provide them with the forms.

> ....

> .... Treating the penalty petition as including a petition to review the offset, we reverse the WCJ's order to the extent she approved Defendant's [Employer] reduction of Claimant's workers['] compensation benefits to $0 for 11 1/7 weeks from August 28, 2007—November 13, 2007. Rather, Claimant's benefits should only have been reduced to $452.37 for those weeks, consistent with the unchallenged perspective [sic] offset claimed by Defendant [Employer].

Notwithstanding our conclusion that Defendant [Employer] is not entitled to a retrospective credit or offset under the circumstances of this case, we agree that a penalty is not appropriate, albeit under different grounds than the WCJ. Instead, we believe that the Act and, more particularly, its regulations did not specifically or unambiguously address the issue, as indicated by our foregoing discussion. We also disagree that Maxim Crane Works provided clear precedent, as the facts in that case materially differed from those in the present one. Specifically, the employer in Maxim

Crane Works claimed a retrospective credit based on the first LIBC–756 form it provided to the claimant; whereas here Defendant [Employer] had previously supplied the claimant with the requisite form and thereby furnished the claimant with prior notice of her reporting obligations.... (Citations omitted).

Board Opinion, January 28, 2010, at 6–9; R.R. at 22a–25a.

With respect to the request for unreasonable contest attorney fees and Claimant's argument that her change of status from total to partial disability benefits based on the IRE should not be effective until sixty days after the WCJ's Decision, the Board affirmed the WCJ's denials.

## II. Employer's Petition for Review.

Employer contends[2] that the Board erred when it modified the WCJ's decision regarding the appropriateness of the retrospective credit.[3]

■ Section 204 of the Act, 77 P.S. § 71, provides in pertinent part, "Fifty percentum of the benefits commonly characterized as 'old age' benefits under the Social Security Act ... shall also be credited against the amount of payments made under sections 108 and 306." In other words, an employer is entitled to a credit for fifty percent of old age Social Security benefits against workers' compensation disability benefits.

The Bureau of Workers' Compensation's (Bureau) regulation, 34 Pa.Code § 123.3, addresses the means by which a claimant informs an employer of the receipt of old age Social Security benefits:

## § 123.3. Employee report of benefits subject to offset.

(a) Employees shall report to the insurer amounts received in unemployment compensation, Social Security (old age), severance and pension benefits on form LIBC–756, 'Employee's Report of Benefits.' This includes amounts withdrawn or otherwise utilized from pension benefits which are rolled over into an IRA or other similarly restricted account while at the same time the employee is receiving workers' compensation benefits.

(b) Form LIBC–756 shall be completed and forwarded to the insurer within 30 days of the employee's receipt of any of the benefits specified in subsection (a) or within thirty days of any change in the receipt of the benefits specified in subsection (a), but at least every 6 months.

Further, the Bureau requires that "an insurer shall notify the employe of the reporting requirements under sections 204 ... of the act (77 P.S. § ... 71 ...). In addition, the insurer shall provide the employe with the forms required to fulfill the employe's reporting and verification requirements under section 311.1(d) of the act." 34 Pa.Code § 123.501.

In *Maxim Crane Works v. Workers' Compensation Appeal Board (Solano)*, 931 A.2d 816 (Pa.Cmwlth.2007), this Court addressed the use of Form LIBC–756. Richard Solano (Solano) had suffered a work-related injury on October 10, 2000. He continued to work until Maxim Crane Works (Maxim), his employer, terminated him in December 2000. In January 2003, Solano applied for old age Social Security benefits. On April 4, 2003, Solano and

---

**2.** This Court's review is limited to a determination of whether an error of law was committed, whether necessary findings of fact were supported by substantial evidence, or whether constitutional rights were violated. *Vinglinsky v. Workmen's Compensation Appeal Board (Penn Installation)*, 139 Pa.Cmwlth.15, 589 A.2d 291 (1991).

**3.** This Court will first address Employer's petition for review.

Maxim entered into an agreement for compensation benefits which was modified by a later supplemental agreement dated September 12, 2003. On June 6, 2005, Solano received Form LIBC–756 on which he acknowledged that he received old age Social Security benefits. On August 3, 2005, Solano received a Notice of Workers' Compensation Offset which informed him that Maxim was taking a credit that would offset his weekly compensation benefits, and that a credit from fourteen months of prior old age Social Security benefits would also be recouped which reduced his weekly workers' compensation benefits to zero for a period of 25.75 weeks. On August 16, 2005, Solano petitioned to review and alleged that the offset was in error. *Maxim,* 931 A.2d at 817.

Before the Workers' Compensation Judge, Solano testified that he never received the Form LIBC–756 to report his old age Social Security benefits before June 6, 2005. Upon receipt he reported his benefit amount. The Workers' Compensation Judge determined that Maxim was entitled to an offset only from June 6, 2005, the date Solano first received the LIBC–756 form. The Workers' Compensation Judge ordered the recalculation of the old age Social Security benefits which entitled Maxim to a 50% offset starting from June 6, 2005, but did not permit Maxim to recoup any retrospective offset of benefits from Solano. The Board affirmed with a modification due to a clerical error. *Maxim,* 931 A.2d at 817.

Maxim appealed to this Court which affirmed:

> We can find no support in the Act or regulations to support Employer's [Maxim] assertion that it has an absolute right to a retrospective offset. While Claimant [Solano] began receiving old age Social Security benefits in January 2003, the undisputed evidence shows that Claimant [Solano] did not receive Form LIBC–756 until June 6, 2005. While Claimant [Solano] does owe a duty to report receipt of old age Social Security benefits, the regulations place the initial duty upon the employer or insurer to notify the employee of the reporting requirements and provide the employee with the proper forms. Based upon our review of the Act and corresponding regulations, we conclude that the WCJ did not err or abuse his discretion in determining that Employer [Maxim] was only entitled to an offset as of the date Claimant [Solano] received the form on June 6, 2005.

. . . .

> Here, Employer [Maxim] had an obligation to notify Claimant [Solano] of his reporting requirements under the Act in order to secure an offset. Employer [Maxim], however, did not notify Claimant [Solano] of the reporting requirements until June 6, 2005—nearly five years after his work injury, and over two years after claimant [Solano] began receiving workers' compensation benefits. The Board determined that although Employer [Maxim] was entitled to pursue an offset from the time Claimant [Solano] began earning workers' compensation benefits, by delaying to notify Claimant [Solano] of his duty to report his Social Security benefits until June 6, 2005, Employer [Maxim] failed to act with due diligence. If Employer [Maxim] were permitted to recoup the offsetable benefits prior to June 6, 2005, hardship and prejudice to Claimant [Solano] can be presumed as Claimant's [Solano] weekly workers' compensation benefits would be reduced to zero for a period of 25.75 weeks.

*Maxim,* 931 A.2d at 819–820.

Here, the facts differ somewhat from *Maxim,* but *Maxim* is still instructive. In

*Maxim,* Solano did not receive Form LIBC–756 until June 6, 2005, over two years after he began receiving old age Social Security benefits. Maxim attempted to retrospectively offset benefits so that Solano would receive no workers' compensation benefits for 25.75 weeks. This Court affirmed the Board's determination that Maxim could not take a retrospective offset. Unlike in *Maxim,* here, Employer provided Claimant with a Form LIBC–756 in August 2005. Claimant completed it and indicated that at the time she received Social Security disability benefits which were not eligible for the offset. Employer did not provide Claimant with another Form LIBC–756 until June 2007. Claimant completed the form and indicated that she began receipt of old age Social Security benefits on October 28, 2006.

■ The Board posited that there were two possible interpretations of the regulations which implemented Section 204(a) of the Act in light of *Maxim:* 1) the employer needed to supply a claimant with a Form LIBC–756 on one occasion which then placed a duty on the claimant to duplicate the form or request a new one, whenever there was a change in the claimant's circumstances, or 2) the employer needed to supply the claimant with a new LIBC–756 every six months to remind and require her to update the reporting of benefits subject to offset. The Board adopted the second interpretation and reasoned that it would prevent a claimant from being subjected to large retrospective offsets if several years passed since he last received a form from an employer and it would be unrealistic to expect unsophisticated claimants to file a new LIBC–756 on their own every six months. This Court finds no error of law in the Board's interpretation, especially in light of the humanitarian objectives of the Act. *See United States Steel Corporation v. Workers' Com-*

*pensation Appeal Board (Luczki),* 887 A.2d 817 (Pa.Cmwlth.2005).

### III.  Claimant's Petition for Review.

#### A.  Penalty.

■ Claimant contends that the Board erred when it affirmed the denial of penalties where Employer violated the Act and *Maxim* by taking the offset for old age benefits earned before Claimant submitted the Form LIBC–756.

■ A WCJ may award penalties under the Act where there was a violation of the Act or rules or regulations promulgated under the Act. Section 435 of the Act, 77 P.S. § 991. When a violation of the Act occurs, it is within the discretion of the WCJ to impose penalties. *Department of Labor and Industry v. Workmen's Compensation Appeal Board (Robinson),* 47 Pa.Cmwlth.108, 407 A.2d 139 (1979). "An abuse of discretion is not merely an error of judgment but occurs ... when the law is misapplied in reaching a conclusion." *Westinghouse Electric Corporation v. Workers' Compensation Appeal Board (Weaver),* 823 A.2d 209, 213–214 (Pa. Cmwlth.2003), *petition for allowance of appeal denied,* 581 Pa. 694, 864 A.2d 531 (2004).

Here, the Board determined that the Act and regulations did not specifically or unambiguously address the issue presented here. Further, the Board also determined that *Maxim* did not provide clear precedent, so penalties were not appropriate. This Court agrees that the WCJ did not abuse her discretion and the Board did not err in affirming the decision that penalties were not appropriate.

#### B.  Reasonable Contest.

■ Next, Claimant contends that the Board erred when it affirmed the WCJ's denial of an award of attorney's fees be-

cause Employer presented a reasonable contest.

Employer asserts that Claimant waived this issue because she did not include it in her appeal documents to the Board. In *McGaffin v. Workers' Compensation Appeal Board (Manatron, Inc.)*, 903 A.2d 94 (Pa.Cmwlth.2006), this Court held that an issue not raised in the appeal documents to the Board was not preserved even if the party raised the issue in its brief to the Board. That is what occurred here. A review of Claimant's appeal from the WCJ's decision reveals that it contained no mention of attorney's fees or reasonable contest. Claimant may have included the

issue in her brief to the Board because the Board did address it. Employer correctly observed that Claimant waived this issue.[4]

### C. Date of Modification.

Finally, Claimant contends that the Board erred when it affirmed the modification of benefits from the date of the IRE and not sixty days after the WCJ issued the December 9, 2008, decision and order.

In *Ford Motor/Visteon Systems v. Workers' Compensation Appeal Board (Gerlach)*, 970 A.2d 517 (Pa.Cmwlth.2009), this Court addressed this precise issue and determined that under Section 306(a.2)(1–2) of the Act, 77 P.S. § 511.2[5], the date for

---

4. Assuming arguendo that Claimant preserved this issue, her argument would still fail. An employer's contest is reasonable if the contest is brought to resolve a genuinely disputed issue, not merely to harass the claimant. *Dworek v. Workmen's Compensation Appeal Board (Ragnar Benson, Inc.)*, 166 Pa.Cmwlth.512, 646 A.2d 713 (1994). The imposition of attorney fees is a question of law reviewable by the Board and this Court. *McGoldrick v. Workmen's Compensation Appeal Board (Acme Markets, Inc.)*, 142 Pa. Cmwlth.558, 597 A.2d 1254 (1991).

Claimant argues that Employer's contest was not reasonable because it clearly violated the Act when Employer proceeded to take the retrospective credit. This Court does not agree. First, it was not clear that Employer violated the Act. As the Board stated, the Act does not unambiguously cover the situation presented here. Second, there was a clearly disputed issue here. In fact, the WCJ found for Employer on the issue of the retrospective credit, but the Board reversed. The Board did not err.

5. This Section was added by the Act of June 24, 1996, P.L. 350. Section 306(a.2)(1–2) of the Act provides:

(1) When an employe has received total disability compensation pursuant to clause (a) for a period of one hundred four weeks, unless otherwise agreed to, the employe shall be required to submit to a medical examination which shall be requested by the insurer within sixty days upon the expiration of the one

hundred four weeks to determine the degree of impairment due to the compensable injury, if any. The degree of impairment shall be determined based upon an evaluation by a physician who is licensed in this Commonwealth, who is certified by an American Board of Medical Specialties approved board or its osteopathic equivalent and who is active in clinical practice for at least twenty hours per week, chosen by agreement of the parties, or as designated by the department, pursuant to the most recent edition of the American Medical Association "Guides to the Evaluation of Permanent Impairment."

(2) If such determination results in an impairment rating that meets a threshold impairment rating that is equal to or greater than fifty per centum impairment under the most recent edition of the American Medical Association "Guides to the Evaluation of Permanent Impairment," the employe shall be presumed to be totally disabled and shall continue to receive total disability compensation benefits under clause (a). If such determination results in an impairment rating less than fifty per centum impairment under the most recent edition of the American Medial Association "Guides to the Evaluation of Permanent Impairment," the employe shall then receive partial disability benefits under clause (b): Provided, however, that no reduction shall be made until sixty days' notice of modification is given.

modification based on a petition to modify or review due to an IRE impairment of less than fifty percent is the date of the IRE, not sixty days from the date of the Workers' Compensation Judge's decision. Based on *Ford* the Board did not err.[6]

Accordingly, this Court affirms.

## ORDER

AND NOW, this 1st day of October, 2010, the order of the Workers' Compensation Appeal Board in the above-captioned matter is affirmed.

77 P.S. § 511.2(2).

6. Employer requests counsel fees for this issue because Claimant's allegation was frivolous especially in light of the fact that Claimant's counsel's law firm represented Gerlach in *Ford*. Rule 2744 of the Pennsylvania Rules of Appellate Procedure permits an appellate court to award reasonable attorneys fees "if it determines that an appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate, or vexatious."

In *Phillips v. Workmen's Compensation Appeal Board (Century Steel)*, 554 Pa. 504, 721 A.2d 1091 (1999), our Pennsylvania Supreme Court held that employers are not entitled to counsel fees sought under Pa. R.A.P. 2744. Therefore, Employer's request for counsel fees is denied.