# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Victoria Sandy,                          :
                       Petitioner       :
                                            :
                  v.                        :  No. 1682 C.D. 2015
                                          :  Submitted: February 19, 2016
Workers' Compensation Appeal             :
Board (Commonwealth of                   :
Pennsylvania, Department of              :
Military and Veterans Affairs and        :
Inservco Insurance Services, Inc.),      :
                       Respondents      :


**BEFORE:**     **HONORABLE RENÉE COHN JUBELIRER,** Judge
                      **HONORABLE ANNE E. COVEY,** Judge
                      **HONORABLE JAMES GARDNER COLINS,** Senior Judge


**OPINION NOT REPORTED**

**MEMORANDUM OPINION**
**BY JUDGE COHN JUBELIRER**           **FILED: June 14, 2016**

      Victoria Sandy (Claimant) petitions for review of the August 14, 2015 Order of the Workers' Compensation Appeal Board (Board), affirming the Decision of the Workers' Compensation Judge (WCJ), which denied Claimant's Petition to Review Compensation Benefit Offset (Review Offset Petition). Claimant argues that the Board erred by affirming the WCJ's Decision because the Commonwealth of Pennsylvania Department of Military and Veterans Affairs (Department) and its insurance carrier, Inservco Insurance Services, Inc., (together, Employer) waived their right to recoup an overpayment of workers' compensation benefits. For the reasons that follow, we affirm.

The facts of this case are not in dispute. Claimant sustained a back injury in the course and scope of her employment with Employer on September 17, 2009. Pursuant to a notice of compensation payable, Claimant received compensation benefits at a rate of $418.00 per week based on an average weekly wage of $601.15. (Board Op. at 1, R.R. at 12; Hr'g Tr. at 18.) Claimant retired on December 27, 2012. (SERS Letter, R.R. at 32.) On February 28, 2013, Claimant completed and returned a Form LIBC-756 (Employee's Report of Benefits for Offsets), which Employer sent to her. Claimant indicated therein that she began receiving Social Security (old age) benefits on February 15, 2013, at the rate of $665.00 per month, and pension benefits beginning on February 20, 2013, at a net rate of $391 per month. (R.R. at 44.)

On September 4, 2013, Employer issued Form LIBC-761, Notice of Workers' Compensation Benefit Offset (Notice of Offset), stating that it was entitled to an offset credit for 50% of the Social Security (old age) benefits received by Claimant in the amount of $76.63 per week, from February 20, 2013 through October 4, 2013. The Notice of Offset indicated that the total offset amount of $2,485.00 for overpayment of benefits already received would be deducted from Claimant's weekly workers' compensation benefits beginning on October 5, 2013 and continuing through November 26, 2013. During that time, Claimant would receive $0 in workers' compensation benefits although she would continue to receive her other benefits. After that, beginning on November 27, 2013, Claimant would receive reduced compensation benefits at the rate of $289.74 per week, reflecting, respectively, the $76.63 and $51.63 in offsets related to Claimant's receipt of Social Security (old age) and pension benefits. (R.R. at 29-30; Employer's Br., App. A at 2, 4.)

Thereafter, Claimant filed the Review Offset Petition alleging that the Employer waived its request to recover any alleged overpayment and, in the alternative, that the proposed recovery is unreasonable. The Review Offset Petition was assigned to the WCJ on January 9, 2014, and a hearing was held before the WCJ on January 30, 2014. No testimony was offered, but documents regarding Claimant's completion and submission of LIBC forms and the calculation of the offset and overpayment were entered into evidence, and discussion between the parties ensued. The parties stipulated that Employer had, at the time of the hearing, recouped the full $2,485.00 overpayment for benefits already received.

Based upon the evidence presented, the WCJ denied and dismissed the Review Offset Petition, concluding that Employer did not waive its right to recoup the compensation offset by waiting until September 4, 2013 to issue the Notice of Offset even though Claimant returned the Form LIBC-756 on February 28, 2013. Claimant appealed to the Board, which affirmed. Claimant now petitions this Court for review.[1]

On appeal, Claimant argues that the Board erred in concluding that Employer's delay in seeking the offset did not constitute a waiver of its right to collect the amount overpaid during the more than six-month period between Claimant's filing of the Form LIBC-756 and Employer's issuing of the Notice of

_____

[1] "This Court's review of an order of the Board is limited to determining whether the necessary findings of fact are supported by substantial evidence, whether Board procedures were violated, whether constitutional rights were violated[,] or [whether] an error of law was committed." Cytemp Specialty Steel v. Workers' Comp. Appeal Bd. (Crisman), 39 A.3d 1028, 1033 n.6 (Pa. Cmwlth. 2012). When reviewing questions of law, our review is plenary. Land O'Lakes, Inc. v. Workers' Comp. Appeal Bd. (Todd), 942 A.2d 933, 936 n.3 (Pa. Cmwlth. 2008).

3

Offset. As she did before the Board, Claimant contends that this Court's decision in Maxim Crane Works v. Workers' Compensation Appeal Board (Solano), 931 A.2d 816, 819-20 (Pa. Cmwlth. 2007), supports her argument that Employer's untimely action in taking the offset constitutes a waiver of its right to do so under the doctrine of laches.

An employer's authority to offset the receipt of workers' compensation benefits by other benefits the employee receives is set forth in Section 204(a) of the Workers' Compensation Act (Act),[2] which provides that:

> Fifty per centum of the benefits commonly characterized as "old age" benefits under the Social Security Act . . . shall also be credited against the amount of the payments made under sections 108 and 306, except for benefits payable under section 306(c): Provided, however, That the Social Security offset shall not apply if old age Social Security benefits were received prior to the compensable injury.

77 P.S. § 71(a) (internal citation omitted).[3] The purpose of Section 204(a) of the Act is to prevent a claimant from receiving a double recovery "for the same loss of wages[,]" which thereby "reduces the cost of the workers' compensation system." City of Pittsburgh v. Workers' Comp. Appeal Bd. (Wright), 90 A.3d 801, 811 (Pa. Cmwlth. 2014). Pursuant to Sections 123.3 and 123.501 of the regulations implementing the Act, 34 Pa. Code §§ 123.3, 123.501,[4] employees are required to

---

[2] Act of June 2, 1915, P.L. 736, as amended, 77 P.S. §§ 1-1041.4, 2501-2708.

[3] The above portion of Section 204(a) providing for an offset for pension, severance, and Social Security (old age) payments was added by Section 3 of the Act of June 24, 1996, P.L. 350.

[4] Section 123.3 of the regulations provides, as follows:

(a) Employees shall report to the insurer amounts received in unemployment compensation, Social Security (old age), severance and pension benefits on form

*(Continued…)*

4

report their receipt of Social Security (old age) benefits to the employer on a Form LIBC-756, which must be issued by the employer to the claimant. <u>See</u> 34 Pa. Code § 123.4(d).[5] "Section 204(a) and the regulations expressly authorize an employer to do a *retrospective* offset as needed to recover overpaid workers' compensation benefits." <u>Wright</u>, 90 A.3d at 811 (emphasis added).[6]

---

LIBC-756, "Employee's Report of Benefits." This includes amounts withdrawn or otherwise utilized from pension benefits which are rolled over into an IRA or other similarly restricted account while at the same time the employee is receiving workers' compensation benefits.

(b) Form LIBC-756 shall be completed and forwarded to the insurer within 30 days of the employee's receipt of any of the benefits specified in subsection (a) or within 30 days of any change in the receipt of the benefits specified in subsection (a), but at least every 6 months.

34 Pa. Code § 123.3. Section 123.501 provides, as follows:

An insurer shall notify the employe of the employe's reporting requirements under sections 204 and 311.1(a) and (d) of the act (77 P.S. §§ 71 and 631.1(a) and (d)). In addition, the insurer shall provide the employe with the forms required to fulfill the employe's reporting and verification requirements under section 311.1(d) of the act.

34 Pa. Code § 123.501.
[5] Section 123.4(d) of the regulations states, in relevant part:

(d) The insurer shall provide a copy of Form LIBC-761, to the employee, the employee's counsel, if known, and the Department. The form shall be provided to the employee consistent with section 406 of the act (77 P. S. § 717).

34 Pa. Code § 123.4(d).
[6] Section 123.5, entitled "Offset for benefits already received," states as follows:

(a) *If the insurer receives information that the employee has received benefits from one or more of the sources* in § 123.3 (relating to employee report of benefits subject to offset) subsequent to the date of injury, the insurer may be entitled to an offset to the workers' compensation benefit.

*(Continued…)*

5

Claimant argues that, under the equitable principles of laches, she is entitled to relief because she was prejudiced by Employer's delay in processing her Form LIBC-756 and its failure to begin deducting the overpayment until October 5, 2013, over seven months after Claimant submitted her Form LIBC-756. Claimant asserts that this case is similar to Maxim Crane.

In Maxim Crane, the claimant sustained a work injury in 2000, applied for Social Security (old age) benefits in January 2003, and in April 2003, began also receiving workers' compensation benefits. Two years later, on June 6, 2005, the claimant received the first Form LIBC-756 from employer, which he immediately returned indicating his receipt of Social Security (old age) benefits. On August 3, 2005, he received a notice of workers' compensation benefit offset informing him that the employer was going to recoup 14 months of prior Social Security (old age) benefits and that his weekly workers' compensation benefits would be reduced to $0 for 25.75 weeks. The claimant filed a petition to review benefit offset. After a hearing, the WCJ granted the claimant's petition and allowed the employer to

(b) The net amount received by the employee shall be calculated consistent with §§ 123.6--123.11. The amount received by the employee shall be divided by the weekly workers' compensation rate. The result shall be the number of weeks, and fraction thereof, the insurer is entitled to offset against future payments of workers' compensation benefits.

(c) The insurer shall notify the employee, the employee's counsel, if known, and the Department of the offset as specified in § 123.4(b) (relating to application of the offset generally).

(d) The employee may challenge the offset by filing a petition to review offset with the Department.

34 Pa. Code § 123.5 (emphasis added).

6

recoup only benefits overpaid from June 6, 2005, the date that the claimant received the Form LIBC-756, and not prior to that date. The Board affirmed.

This Court affirmed the Board's decision relying upon the Department's regulation which states as follows:

> *An insurer shall notify the employe of the employe's reporting requirements* under sections 204 and 311.1(a) and (d) of the act (77 P.S. §§ 71 and 631.1(a) and (d)). In addition, the insurer shall provide the employe with the forms required to fulfill the employe's reporting and verification requirements under section 311.1(d) of the act.

34 Pa. Code § 123.501 (emphasis added). The employer did not notify the claimant of the reporting requirements or provide the form until it issued Form LIBC-756 on June 6, 2005, two years after the claimant had begun receiving the benefits. The employer had not fulfilled its duty under this section of the regulations to notify the claimant of the duty to disclose, and, therefore, the recoupment of any overpayments made to the claimant prior to that date was not allowed.

In addition to the employer's violation of the procedures in the regulation, the Court also found that the Board did not err in applying the doctrine of laches. In doing so, we stated that "[i]f [the e]mployer w[as] permitted to recoup the offsettable benefits prior to June 6, 2005, hardship and prejudice to [the c]laimant can be presumed as [the c]laimant's weekly workers' compensation benefits would be reduced to [$0] for a period of 25.75 weeks." Maxim Crane, 931 A.2d at 820. We have subsequently examined the contours of the application of equitable principles announced in Maxim Crane. In Wright, the claimant argued, and the WCJ agreed, that there was a presumption of prejudice whenever an employer seeks to recoup an overpayment of offsettable benefits. In disagreeing with this

7

construction, we described the important policy objective of Section 204(a), which is to reduce the costs of the workers' compensation system "by eliminating double payment for the same loss of wages. To that end, Section 204(a) and the regulations expressly authorize an employer to do a retrospective offset as needed to recover overpaid workers' compensation benefits." Wright, 90 A.3d at 811. In that case, as in this case, the claimant "received benefits to which [s]he was not entitled and thereby reaped a double recovery, which is precisely what Section 204(a) was intended to prevent. It is true that the terms of a proposed recoupment may be modified where it would cause a financial hardship." Id. at 812. However, that was not the reason for the decision in Maxim Crane, which was "decided on legal grounds, i.e., that the employer had failed to notify the claimant of his duty to report offset[t]able benefits to the employer." Id. (emphasis omitted). Thus, we found the Court's statement regarding a presumption of hardship in Maxim Crane to be "obiter dicta" and based on its particular facts. Id. (emphasis omitted).

We also discussed Maxim Crane in Muir v. Workers' Compensation Appeal Board (Visteon Systems LLC), 5 A.3d 847 (Pa. Cmwlth. 2010), another case which examined the offset provisions. In Muir, the claimant completed and returned a Form LIBC-756 on August 8, 2005, indicating that she was not receiving any offsettable benefits. Two years later, on June 26, 2007, the claimant returned a Form LIBC-756 indicating that she began receiving Social Security (old age) benefits on October 28, 2006. The employer issued a notice of benefit offset on July 31, 2007, advising the claimant of its plan to recoup the overpaid compensation by paying her $0 in workers' compensation benefits for six months. This Court, as did the Board in that case, found that the facts differed from Maxim Crane because, unlike in Maxim Crane, in Muir, the employer did provide the

8

claimant with a Form LIBC-756 at a time when the claimant was not receiving any offsettable benefits. The issue arose because the claimant did not receive another Form LIBC-756 from the employer for two years. The regulation requiring the claimant to report benefits subject to offset provides that:

> Form LIBC-756 shall be completed and forwarded to the insurer within 30 days of the employee's receipt of any of the benefits specified in subsection (a) or within 30 days of any change in the receipt of the benefits specified in subsection (a), *but at least every 6 months*.

34 Pa. Code § 123.3(b) (emphasis added). The Court agreed with the Board's interpretation of this regulation as requiring the employer to provide to the claimant a Form LIBC-756 every six months to enable the claimant to report benefits as required by the regulation. The Court also agreed with the Board's reasoning that this would "prevent a claimant from being subjected to large retrospective offsets if *several years passed* since he last received a form from an employer . . . ." Muir, 5 A.3d at 853 (emphasis added). We subsequently stated that "[i]mplicitly, Muir established that a recoupment of an overpayment that occurred over six months or less eliminates the need of the WCJ to inquire into hardship." Wright, 90 A.3d at 812 (footnote omitted). That is, because the regulation contemplates that the Form LIBC-756 will be submitted to an employer at least every six months, there is a necessary presumption that a retrospective offset resulting from the disclosure of benefits on such form may also span a timeframe of *at least* six months, although the actual recoupment will take longer

9

because the employer cannot begin its recoupment until at least 20 days after the issuance of the Notice of Offset.[7]

In the instant matter, Claimant asserts that Employer's delay in collecting the overpayment is like the employer's delay in notifying the claimant of his duty to report the receipt of offsettable benefits and sending the Form LIBC-756 in Maxim Crane; it is prejudicial, constitutes a waiver, and thus, bars Employer's recoupment of the offset based upon the doctrine of laches. However, we agree with the Board that the facts in Maxim Crane are distinguishable from the instant matter. In Maxim Crane, the employer did not notify the claimant of his reporting requirements until nearly two years after the claimant began to receive both workers' compensation benefits and his Social Security (old age) benefits. The Court did not hold that the employer was precluded from *ever* taking an offset, but only that the employer could not take an offset for payments made prior to the date the claimant in that case received the Form LIBC-756. In this case, Employer did timely send to Claimant the Form LIBC-756, and Claimant timely completed and returned the form to Employer. Because Employer complied with the regulation, it was authorized to take the offset, including retrospectively, if necessary, pursuant to Wright. Thus, Maxim Crane is inapplicable here.

Moreover, Employer here issued the Notice of Offset approximately six months after Claimant completed the Form LIBC-756, advising her that the offset

---

[7] Section 123.4(b) of the regulations provides, as follows:

(b)     At least 20 days prior to taking the offset, the insurer shall notify the employee, on Form LIBC-761, "Notice of Workers' Compensation Benefit Offset," that the workers' compensation benefits will be offset.

34 Pa. Code § 123.4(b).

10

would be taken one month thereafter. This timeframe, by itself, is reasonably within the time parameters established in the regulations.

Finally, we note that there was no evidence of hardship presented here, and the recoupment had already been completed prior to the WCJ's hearing. Although Claimant argues in her brief that Employer's collection of the overpayment "came at the most inopportune of times i.e. the holiday season" and that "Employer had zero regard for [her] situation and the overpayment that it caused because of its failure to properly process the LIBC forms which had been timely returned[,]" this is not evidence of hardship. (Claimant's Br. at 11.) With regard to hardship, we cautioned in Wright that "[h]ardship is a difficult inquiry because the circumstances of each claimant will be different. Further, it is difficult to square the notion of 'hardship' to the situation where a person is required to return monies to which he is not entitled. The manner of repayment may create a hardship, and a WCJ has discretion to fashion an appropriate repayment schedule." Wright, 90 A.3d at 812 n.11. But see Gelvin v. Workers' Comp. Appeal Bd. (Pa. State Police), 120 A.3d 473, 478 (Pa. Cmwlth. 2015) (hardship analysis was not required although recoupment resulted in nearly a year without benefits where "a large retrospective offset . . . was not related to any lack of diligence on [e]mployer's part.").

Accordingly, we conclude that the Board did not err in denying the Review Offset Petition, and we affirm the Board's Order.

_____
**RENÉE COHN JUBELIRER,** Judge

Senior Judge Colins dissents.

11

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Victoria Sandy,                                   :
                              Petitioner          :
                                                  :
            v.                                    :    No. 1682 C.D. 2015
                                                  :
Workers' Compensation Appeal                      :
Board (Commonwealth of                            :
Pennsylvania, Department of                       :
Military and Veterans Affairs and                 :
Inservco Insurance Services, Inc.),               :
                              Respondents          :

# **O R D E R**

    **NOW**, June 14, 2016, the Order of the Workers' Compensation Appeal Board, entered in the above-captioned matter, is **AFFIRMED**.


                                 _____

                                 **RENÉE COHN JUBELIRER,** Judge